FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAUN STEPHEN MURRELL, <br><br> Plaintiff, <br><br> v. <br><br> SPOKANE COUNTY DISTRICT COURT, <br><br> Defendant. | NO. 2:25-CV-0518-TOR <br><br> ORDER ON DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT are Plaintiff's Motion to Recognize Military Status (ECF No. 7), Defendant's Motion to Dismiss (ECF No. 9), Plaintiff's Motion for Judicial Recognition (ECF No. 13) and Motion for Sanctions (ECF No. 14). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED (ECF No. 9) and Plaintiff's Motions are DENIED as moot.

/

ORDER ON DEFENDANT'S MOTION TO DISMISS ~ 1

## BACKGROUND

Plaintiff, proceeding *pro se*, alleges false imprisonment and unreasonable seizure pursuant to 42 U.S.C. § 1983.  ECF No. 1 at 4.  Plaintiff alleges that he was arrested for bank robbery and was in jail for 90 days, but his charges were dropped after eight days in jail.  ECF No. 1 at 3.  Plaintiff continues that evidence was released eight days into the trial, and he experienced mercury poisoning.  *Id.*

Additionally, Plaintiff filed motions requesting different relief such as recognition of his military status, judicial notice of diplomatic immunity, and sanctions for spoilation of evidence.  ECF Nos. 7, 13-14.

Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  ECF No. 9.  Plaintiff did not respond or oppose this motion.

## DISCUSSION

### A. Legal Standard

For a plaintiff to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  This requires more than a simple "formulaic recitation of a cause of action's elements."  *Twombly*, 550 U.S. at 545.  This requires facts to support legal

ORDER ON DEFENDANT'S MOTION TO DISMISS ~ 2

conclusions beyond simply stating conclusory legal statements.  *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal conclusions as true factual allegations);  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations).  However, a court must construe facts in the light most favorable to the opposing party of the motion and a court must take the allegations of the non-moving party as true.  *Twombly*, 550 U.S. at 556.

In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570.  In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'"  *Kwan*, 854 F.3d at 1096 (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).  *Pro se* pleadings are liberally construed to "afford the petitioner the benefit of any doubt."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)).  This is especially important for cases arising out of civil rights violations.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.), *as amended* (May 22, 1992) (citation omitted).

/

ORDER ON DEFENDANT'S MOTION TO DISMISS ~ 3

**B. Immunity**

Defendant continues that the Spokane County District County is subject to judicial immunity.  ECF No. 9 at 6-7.  Plaintiff named the Spokane County District Court as the defendant and does not name a specific judge.  ECF No. 1 at 2.  Additionally, Plaintiff does not name any judge or individual in his Complaint.  ECF No. 1.

However, Defendant is subject to immunity.  "Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte."  *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999).  The Supreme Court stated, "[w]e hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  This applies to the State "or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes."  *Id.* at 70.  Other courts consider state courts as arms of the state and entitled to sovereign immunity.  *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024) ("Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity."); *Nat'l Ass'n for Advancement of Colored People v. State of Cal.*, 511 F. Supp. 1244, 1258 (E.D. Cal. 1981), *aff'd sub nom. NAACP v. State of*

ORDER ON DEFENDANT'S MOTION TO DISMISS ~ 4

*Cal.*, 711 F.2d 121 (9th Cir. 1983) ("These courts are "arms" of the State of California, and, as such, are entitled to share in the state's sovereign immunity.").

Sovereign immunity bars Plaintiff's claim because Defendant is entitled to state sovereign immunity. Accordingly, the Court may not consider the merits of the claims further because sovereign immunity limits this Court's jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

Additionally, Plaintiff failed to respond to Defendant's Motion to Dismiss. This failure can "be deemed consent to the entry of an order adverse to the party" for violating the Local Rules. LCivR 7(e).

**C. Opportunity to Amend**

A court may not dismiss a *pro se* complaint before providing the *pro se* party "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively" unless amendments to the complaint could not cure the issues. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.), *as amended* (May 22, 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted).

Plaintiff cannot provide facts that will fix the issues with his Complaint. As a result, the Court does not find leave to amend warranted. Regarding Plaintiff's

ORDER ON DEFENDANT'S MOTION TO DISMISS ~ 5

motions, the motions are now moot, and the Court cannot provide the relief Plaintiff is requesting.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED.** Plaintiff's Complaint is **DISMISSED without prejudice** and **without leave to amend.**

2.  All other pending motions are **DENIED as moot.**

The District Court Executive is directed to enter this Order, enter Judgment of Dismissal, furnish copies to Plaintiff and counsel, and **CLOSE** the file.

DATED May 22, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT'S MOTION TO DISMISS ~ 6